## No. 5964.

### TONY CROELL v. THE STATE.

VIOLATING ELECTION LAW — CHARGE OF THE COURT.—The indictment charged that the accused kept open his retail liquor saloon on an election day, in the town of B., in precinct 5, of R. county, which said town was a voting place. The charge of the court (for which see the opinion), was so framed as to authorize a conviction if the accused kept his saloon open on the said election day, anywhere within the limits of R. county Held, erroneous.

APPEAL from the County Court of Robertson. Tried below before the Hon. C. S. Brigance, County Judge.

The conviction in this case was for keeping a retail liquor saloon open at a voting precinct on a day of election. A fine of one hundred dollars was the penalty imposed. At a former hearing of this appeal, the judgment of the court below was affirmed, and it will be found reported on page 596 of this volume. The motion for rehearing was subsequently filed, and was disposed of by the opinion which follows, on the last day of the term. The filing of the motion for rehearing was overlooked by the Reporters when the first report was prepared; otherwise, the two opinions would have been reported together, and in connection with each other.

*Simmons & Crawford,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE. At a former day this judgment was affirmed, the only point considered being the action of the court in refusing a requested charge. The case being a misdemeanor, we were misled by the brief of counsel for appellant, and did not ascertain that there had been any special exceptions taken to the charge as given by the court. The record shows that such exceptions were taken and a bill duly reserved.

By the indictment appellant was charge l with opening his saloon in the town of Bremond in voting precinct No. 5 of Robertson county, on the fourth of August, 1887, said precinct being

a voting place and said day being an election day for voting for certain proposed amendments to the Constitution.

In the paragraph of the charge specially excepted to, the jury were instructed as follows, to wit: "If you believe from the evidence that the defendant, Tony Croell, in the county of Robertson and State of Texas, on the fourth day of August, 1887, did unlawfully open or keep open a bar room, saloon, house or establishment where vinous, malt, spirituous or intoxicating liquors are sold during any portion of the day; if you believe from the evidence that said fourth day of August, 1887, was a day on which an election was held for any purpose or office whatsoever, and you further believe from the evidence that said election was properly held in voting precinct number five, of Robertson county, Texas, you will find him guilty as charged." This charge is erroneous because it should have been limited to the particular allegations in the indictment, as to the purpose for which the election was held, and as to the place where the saloon was opened. The charge as given authorized the jury to convict if they found that appellant opened a saloon anywhere in Robertson county on said day, provided that an election was held in precinct number five.

This was error, and, being specially excepted to, requires a reversal.

*Reversed and remanded.*